**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN YARBOROUGH,
<u>Plaintiff-Appellant,</u>

v.

BISHOP ROBINSON, Secretary; RICHARD
LANHAM, Commissioner; JACK
CRAGWAY, DOC Headquarters
Administrative Remedy Coordinator;
MICHAEL HILL, L.P.N.; THOMAS R.
CORCORAN, Warden; GARY HORNBAKER,
Assistant Warden; JAMES MURPHY,
Chief Security; MARION TUTHILL,
Major; M. REID, Captain; THOMAS
REULING, Captain; LUKE MONTGOMERY,

Captain; KATHLEEN LANDERKIN,
Administrative Remedy Coordinator;
M. D. GAVIGAN, Lieutenant; A. D.
TANNER, Sergeant; CHARLES SMITH,
Officer, CO II; DENNIS HARRIS,
Sergeant; MICHAEL MILLER, Case
Manager; GEORGE SHAHANIAN, Case
Manager,
<u>Defendants-Appellees,</u>

and

THREE UNKNOWN (VAT) ADJUSTMENT
OFFICERS,
<u>Defendants.</u>

No. 97-7603

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-96-3519-CCB)

Submitted: November 30, 1998

Decided: December 17, 1998

Before WIDENER, HAMILTON, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas W. Felder, II, Greenbelt, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General, Gloria Wilson Shelton, Assistant Attorney General, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Yarborough appeals the district court's grant of summary judgment for defendants in this 42 U.S.C. § 1983 (1994) action. In the district court, Yarborough proceeded pro se, and raised several allegations concerning his confinement at the Maryland House of Corrections Annex. On appeal, Yarborough, now represented by counsel, alleges that the district court erred in granting summary judgment for defendants, as he alleged cognizable claims with genuine issues of material fact requiring a trial.

The district court opinion thoroughly sets forth and analyzes Yarborough's allegations. Briefly, Yarborough asserts that he was con-

fined to administrative segregation because of his refusal to take a skin test for tuberculosis (PPD). In addition, a classification review team concluded that Yarborough was a threat to the staff, recommending that he remain on administrative segregation. Yarborough's status on administrative segregation was continued each time he refused a PPD. During this time, several hearings were held on infractions charged to Yarborough. He refused to attend the hearings, and alleges denial of due process. For several days, he was denied showers or recreation. Yarborough alleges that the actions of defendants against him were taken in retaliation for his previous legal action, and that defendants have failed to protect him by not placing him in protective custody.

Yarborough's confinement in administrative segregation for medical and security reasons is not violative of Yarborough's constitutional rights. Such confinement does not implicate a liberty interest entitled to due process protections, as it is not an atypical, significant hardship of prison life. Sandin v. Conner, 515 U.S. 472, 486 (1995). Placement on administrative segregation is a common incident for an inmate, "well within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms , 459 U.S. 460, 468 (1983). As to Yarborough's challenge to his disciplinary infractions, the district court properly held that the claim is not cognizable under § 1983 and dismissed them without prejudice. See Edwards v. Balisok, ___ U.S. ___, 65 U.S.L.W. 4359, 4361 (U.S. May 19, 1997) (No. 95-1352). Yarborough has presented nothing to support his allegation that defendants failed to protect him from an objectively serious threat of harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Each alleged act of retaliation must violate some constitutional right or be punishment for the exercise of such a right. Id. at 1318. Here, according to the contemporary records submitted by defendants, Yarborough was serving a stint in disciplinary segregation when he was first ordered retained in administrative segregation because of his refusal to take the PPD test. At the end of his disciplinary sentence, he requested protective custody. The team investigating this claim found that he was in no danger, but was himself a danger to the staff. Therefore, he remained on administrative segregation. Yarborough's con-

3

clusory allegations of retaliation are insufficient to support his claim or establish the necessary element of adversity. <u>ACLU of Maryland, Inc. v. Wicomico County, Maryland</u>, 999 F.2d 780, 785 (4th Cir. 1993).

The denial of his right to shower and exercise for four days does not constitute an Eighth Amendment violation, and there is nothing to connect this event with the exercise of a constitutional right. Yarborough has established no significant injury as a result of this deprivation that would elevate it to a constitutionally significant level. <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-81 (4th Cir. 1993). The temporary seizure of some legal documents, did not significantly impinge Yarborough's ability to proceed with his action; thus, he has shown no actual injury to his right of access to the courts. <u>See Lewis v. Casey</u>, 518 U.S. 343, 351-53 (1996); <u>Strickler</u>, 989 F.2d at 1383-84.

We conclude that the district court did not err in granting summary judgment against Yarborough. We deny Yarborough's motion for appointment of counsel; we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

4